IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RUMALDO CIFUENTES AVALOS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255 AND CLOSING CASE<br><br><br>Civil Case No. 2:05-CV-966 TS<br><br>Criminal Case No. 2:04-CR-29 TS |

This matter is before the Court on Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[1] (hereinafter "§ 2255 Motion"). Despite being ordered to do so,[2] the government has failed to respond to the § 2255 Motion. Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that Petitioner's arguments, and their underlying bases, do not establish

---

[1] Docket No. 1 in Case No. 2:05-CV-966 TS.

[2] Docket No. 2 in Case No. 2:05-CV-966 TS.

1

appropriate grounds upon which to justify relief under § 2255 and, further, this action is procedurally barred by the expiration of the applicable statute of limitations.  Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and close this case.

BACKGROUND

On January 21, 2004, Petitioner was charged in a one-count Indictment with Reentry of a Previously Removed Alien.[3]  A Notice of Sentencing Enhancement was filed that same day.[4] Petitioner pleaded guilty on March 4, 2004[5] before Magistrate Judge Wells, after executing a form consenting to have his plea taken by the magistrate.[6]  A presentence report was prepared, and defense counsel filed a Motion for Downward Departure[7] with the Court, which the government opposed.[8]  On July 13, 2004, Petitioner was sentenced to a low-end sentence of 41 months incarceration with the Bureau of Prisons.[9]  Judgment was entered on April 13, 2005.[10]

---

[3] Docket No. 1 in Case No. 2:04-CR-29 TS.

[4] Docket No. 2 in Case No. 2:04-CR-29 TS.

[5] Docket Nos. 11, 14 in Case No. 2:04-CR-29 TS.

[6] Docket No. 12 in Case No. 2:04-CR-29 TS.

[7] Docket No. 17, 18 in Case No. 2:04-CR-29 TS.

[8] Docket No. 19 in Case No. 2:04-CR-29 TS.

[9] Docket No. 20 in Case No. 2:04-CR-29 TS.

[10] Docket No. 21 in Case No. 2:04-CR-29 TS.

Petitioner did not pursue a direct appeal.  Petitioner filed the instant § 2255 Motion on November 22, 2005.[11]

## DISCUSSION

In his Motion, Petitioner states that "I did not appeal before because I [wasn't] sure about my [rights], also my [lawyer] did not mention anything to me at the moment of my sentence."[12] Later he states that "My friends and I were traveling from Arizona to Utah when we enter[ed] into Utah state a sheriff patrol pull[ed] me over for no reason and asked for immigration status on all my friends and I."[13]  Although it is not clear, the Court construes Petitioner's § 2255 Motion as making a claim regarding his attorney's alleged failure to inform him of his appeal rights, and a claim regarding the legitimacy of the initial traffic stop.

The Court will address each issue below.

I.     Statute of Limitations.

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[14]  Section 2255 states:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;

---

[11] Docket No. 1 in Case No. 2:05-CV-966 TS.

[12] *Id.* at 3.

[13] *Id.* at 4.

[14] 28 U.S.C. § 2255; s*ee also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

3

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment of conviction was entered in the underlying criminal case on July 15, 2004. Petitioner filed this case on November 22, 2005. Even allowing for time in which Petitioner might have sought a direct appeal to the Tenth Circuit, Petitioner is well outside of the allowable time in which to pursue this action. Therefore, Petitioner's § 2255 Motion is not properly before the Court.

II.     Remaining Issues.

Notwithstanding the Court's ruling with regard to the statute of limitations, the Court further finds that Petitioner would not be entitled to relief on his claims, even if considered on the merits, as they do not raise constitutional issues which may defeat the procedural bar.

Even if construed as a claim of ineffective assistance of counsel, Petitioner's claim falls short. The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.[15]  "To demonstrate ineffectiveness of counsel,

---

[15] *Strickland v. Washington*, 466 U.S. 668 (1984).

[Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[16]

In the current context, where Petitioner alleges that his attorney failed to consult with regarding an appeal, the Supreme Court has held that "the court must determine whether counsel's failure to consult with defendant itself was deficient performance."[17] The Court evaluates this in light of a constitutional duty of counsel to consult with a defendant about appeal "when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[18] In *Roe*, the Supreme Court noted that a highly relevant factor in determining the second prong is "whether conviction follows trial or guilty plea; guilty plea reduces the scope of potentially appealable issues and such a plea may indicate that defendant seeks [an] end to judicial proceedings."[19]

Petitioner does not allege that he asked his trial attorney to file an appeal following his guilty plea or sentencing, nor does he allege that he demonstrated an interest in appealing. Thus, the Court must consider Petitioner's claim using the *Strickland* and *Roe* standard, and ask whether Petitioner's trial attorney had a constitutionally imposed duty to consult with Petitioner about appeal. In the underlying criminal case, the Court specifically and directly informed

---

[16] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir.1996) (citing *Strickland*, 466 U.S. at 687,690).

[17] *Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2000).

[18] *Id.*

[19] *Id.*

Petitioner of his appeal rights when he entered his guilty plea, and at sentencing, and Petitioner apparently did not demonstrate an interest in appealing.  As such, the Court concludes that Petitioner's trial attorney reasonably believed that Petitioner was seeking an end to judicial proceedings.

There is simply no evidence of ineffective assistance of counsel.[20]  Petitioner did not ask his attorney to file an appeal, nor did he demonstrate any interest in appeal after having been informed of his appeal rights by the Court.  Further, the Court fully considered all legal arguments raised by Petitioner's trial counsel prior to sentencing, and sentenced Petitioner to a low-end sentence.  Not even in the instant § 2255 Motion has Petitioner raised any legitimate appealable issues, signaling the absence of prejudice to Petitioner.

Moreover, concerning Petitioner's second argument, any challenge to the legality of the stop was waived by Petitioner's guilty plea, which has not been alleged to be unknowing, involuntary, or otherwise invalid.

Petitioner has raised no grounds which warrant relief under § 2255, nor which overcome the procedural bar.  Therefore, the instant Motion must be denied and the case dismissed.

---

[20] The Court notes that, contrary to being ineffective, Petitioner's counsel in the underlying criminal case provided a vigorous defense, including filing a motion and memorandum seeking a downward departure in Petitioner's sentence.  She raised numerous issues to the Court in an attempt to benefit Petitioner.  In the plea agreement executed by Petitioner at his change of plea hearing, Petitioner confirmed that he had "discussed this case and this plea with my lawyer as much as I wish.  I am satisfied with my attorney."  Docket No. 14 in Case No. 2:04-CR-29 TS at 6.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 22nd day of February, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge